## SUTCLIFFE STORAGE & WAREHOUSE CO., Inc., v. UNITED STATES.

### Civil Actions Nos. 4975, 4991, 5004.

District Court, D. Massachusetts.

Oct. 22, 1946.

Greenhood, Cunningham & Eggleston, and E. Russell Greenhood, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is a motion to dismiss Civil Actions Nos. 4975, 4991, and 5004 on the ground that they constitute an inseparable part of the alleged claim set forth in Civil Action No. 4946. Defendant contends that, since there is but one claim for relief and the total damages asked by the plaintiff exceed $10,000, this Court lacks jurisdiction to entertain the suit.

Plaintiff on April 13, 1942, executed a lease running until June 30, 1943, of certain premises to the United States Navy. The essence of plaintiff's complaint as set forth in Civil Action No. 4946 is that the Navy occupied and used a larger area than was designated in the lease, and that plaintiff is entitled to the reasonable value of the use and occupancy of the additional area from June 15, 1942, to June 30, 1943. There were renewal leases from July 1, 1943, to June 30, 1944, from July 1, 1944, to June 30, 1945, and from July 1, 1945, to December 31, 1945. Civil Actions Nos. 4975, 4999, and 5004 are based on the same theory of recovery for use and occupancy for the same area described in Civil Action No. 4946, but for different periods. All of plaintiff's complaints have been filed in 1946.

It is clear that a claim cannot be split and presented in piecemeal fashion by separate suits. United States v. Sinclair Refining Co., 10 Cir., 126 F.2d 827, 831. This is particularly true where the division into separate complaints would confer on this Court a jurisdiction it would not otherwise have.

The gist of all four complaints here sounds in quantum valebat for the ad-ditional area involved for a period of time extending continuously from June 1942 until December 1945. When Civil Action No. 4946 was filed on February 18, 1946, plaintiff's rights, if any, as to the entire period had accrued. This constitutes but one claim and cannot be divided into separate suits for the purpose of evading the jurisdictional requirements of the Tucker Act, 28 U.S.C.A. § 41(20). Evans v. Duango Land & Coal Co., 8 Cir., 80 F. 433, 436, 437.

The motion to dismiss Civil Actions Nos. 4975, 4991, and 5004 is granted. Since no motion has been filed with reference to Civil Action No. 4946, the Court takes no action on this case at this time.